UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Elizabeth A. Goodman<br><br>                                    Debtor | Lead Bankr. Case No. 20-10377-TPA<br><br>CHAPTER 13 |
| Elizabeth A. Goodman<br><br>                                    Plaintiff<br>      v.<br>Toyota Motor Credit Corporation<br><br>                                    Defendant | Adversary No. 20-01025-TPA |

**<u>ANSWER TO PLAINTIFF ELIZABETH A. GOODMAN'S ADVERSARY COMPLAINT</u>**

Toyota Motor Credit Corporation, Defendant in the above captioned adversary action, by its Attorney, Leopold & Associates, PLLC, hereby answers Plaintiff's Complaint and in support thereof avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. Defendant recognizes the court's authority as well.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted. By way of further response, Defendant objected to confirmation of the Plaintiff's Plan. Defendant's objection was filed on June 23, 2020 at Document No.

twenty-five (25) in the Lead Case.  It is admitted that paragraph one (1) of the Objection erroneously referred to a first lien on a 2018 Toyota Tacoma, however, the Objection did attach the relevant Proof of Claim, as well as the Debtor's Plan.

13. Admitted.

14. Admitted.  By way of further response, Defendant incorporates by reference the averments set forth in paragraph twelve (12) of the within Answer as though fully set forth at length herein.

15. It is admitted that no party objected to the confirmation Order. The remaining allegations set forth in this paragraph constitute conclusions of law to which no response is required. By way of further response, Defendant incorporates by reference the averments set forth in paragraph twelve (12) of the within Answer as though fully set forth at length herein.

16. Denied. Defendant disputes the value of the vehicle.  By way of further response, Defendant has not had an opportunity to inspect the condition of the vehicle nor has Plaintiff provided proof of the condition of the vehicle.  Additionally, Plaintiff's own valuation of the vehicle that she provided indicated that the value of the vehicle ranged from $13,104.00 to $14,767.00.   Yet Plaintiff avers that the value of the vehicle is below those amounts.  Strict proof is demanded at trial.

17. Denied.  The allegations set forth in this matter constitute conclusions of law to which no response is required.  Defendant incorporates by reference the averments set forth in paragraph sixteen (16) of the within Answer as though fully set forth at length herein.

18. Defendant incorporates by reference the averments set forth in paragraphs one (1) through seventeen (17) of the within Answer as though fully set forth at length herein.

19. Denied. By way of further response, Defendant incorporates by reference the averments set forth in paragraph sixteen (16) of the within Answer as though fully set forth at length

herein.

20. The averments set forth in this paragraph refer to a writing which speaks for itself and therefore no response is required from Defendant.

21. The averments set forth in this paragraph refer to a writing which speaks for itself and therefore no response is required from Defendant.

22. Denied. The allegations set forth in this paragraph constitute conclusions of law to which no response is required. By way of further response, Defendant incorporates by reference the averments set forth in paragraph sixteen (16) of the within Answer as though fully set forth at length herein. Strict proof is demanded at trial.

WHEREFORE, Defendant prays for an Order from this Court:

a. That values Defendant's secured claim in the Toyota RAV4 as $22,516.67;

b. That determines the secured claim of Defendant's claim to be $22,516.67;

c. That determines the proper interest rate to be applied to the allowed secured claim;

d. To Dismiss Plaintiff's Adversary Complaint with prejudice; and

e. Grant other such relief as the Court deems necessary.

Date: December 4, 2020

/s/ Robert Wendt, Esquire
By: Robert Wendt, Esquire
Attorney ID No. 89150
Leopold & Associates, PLLC
Attorneys for Creditor
80 Business Park Drive, Suite 110
Armonk, New York 10504
(914)-219-5787
Attorney for Movant